IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MORGAN HANUSOWSKI**                                                                                    **PLAINTIFF**
**#556211**

V.                                  CASE NO. 3:20-CV-272-DPM-BD

**KYLE FRENCH,**
**Booking/Correctional Officer,**
**Craighead County Detention Center**                                                                **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to Chief Judge D. P. Marshall Jr. Ms. Hanusowski may file objections if she disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Ms. Hanusowski does not file objections, she risks waiving the right to appeal questions of fact. And, if no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.   Screening:**

Plaintiff Morgan Hanusowski, an inmate in the Craighead County Detention Facility, filed this civil rights suit without the help of a lawyer. (Doc. No. 2) The Court has reviewed Ms. Hanusowski's complaint as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a). Because Ms. Hanusowski is proceeding without a lawyer, the

Court has liberally construed her complaint and, for the purposes of its initial review, has assumed that all allegations in the complaint are true. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Ms. Hanusowski alleges that Defendant Kyle French reads through her personal mail to her boyfriend. (Doc. No. 2 at p. 4) Although legal mail between a prisoner and her attorney is privileged and entitled to certain protections, there is no such privilege for a prisoner's personal mail. See *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); see also *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) (non-privileged inmate mail not immune from inspection; thus, inspections do not give rise to civil rights claims.)

Ms. Hanusowski also alleges that Defendant French "makes snide, rude, and hateful comments" to her at pill call. (Doc. No. 2 at p. 4) While the Court does not condone rude or unprofessional conduct, these allegations, even if true, do not state a federal claim for relief. Verbal abuse and mere threatening language cannot support a constitutional claim. See *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("mere verbal threats made by a state actor do not constitute a § 1983 claim").

Finally, Ms. Hanusowski alleges that Defendant French tried to confiscate pictures of her son. (Doc. No. 2 at p. 4) To the extent Ms. Hanusowski attempts to bring a due process claim for loss of property, the claim fails — principally, because she has not

suffered an actual loss of property. Ms. Hanusowski was able to protect the pictures by mailing them home. (Doc. No. 2 at p. 4)

Further, an inmate cannot bring a § 1983 due process claim for the intentional or negligent loss of personal property if the State provides a post-deprivation remedy to address property loss. See *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984). Arkansas provides a remedy for the loss of personal property through the tort of conversion.

### III.   Conclusion:

The Court recommends that Chief Judge Marshall DISMISS Ms. Hanusowski's complaint (Doc. No. 2) for failure to state a federal claim for relief. The Court further recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that Chief Judge Marshall certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED this 14th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE